STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RADFORD A. KAHALEWAI, Defendant-Appellant.
No. 28685
Intermediate Court of Appeals of Hawaii,
December 31, 2008.
NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER
On the briefs:
Hichard D. Gronna, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City & County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: RECKTENWALD, C.J., Watanabe and Fujise, JJ.)
Defendant-Appellant Radford A. Kahalewai appeals from Lhe July 25, 2007 Judgment of Conviction and Sentence filed in the Circuit Court of the First Circuit[1] (circuit court) convicting Kahalewai of Unlawful Methamphetamine Trafficking in violation of Hawaii Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005).[2]
At trial, police officer Kapuanani Zuttermeister testified for the State of Hawai'i that she was working undercover at M&amacr;ili Beach Park on October 25, 2005, when she noticed a truck stopping at almost every car parked in the parking lot. The truck then exited the parking lot and turned onto Farrington Highway. Officer Zuttermeister followed the truck in her vehicle.
As she exited the parking lot, she noticed that the truck had slowed down to almost a complete stop in the middle of Farrington Highway. Officer Zuttermeister then pulled up next to the truck.
The driver of the truck, later identified as Kahalewai, called out through his window, "So what, sister, no more action,"[3] or words to that effect. Officer Zuttermeister responded by saying, " [o]h yeah, you know, no more around here [.] "
Kahalewai then asked Officer Zuttermeister to follow him and they drove to Kaukaumana Street in Wai'anae. They both parked, and Kahalewai walked over to the driver's side window of Officer Zuttermeister's car. Kahalewai then asked Officer Zuttermeister, "Well, how much you need?" Officer Zuttermeister responded, "I'm looking for 20[,]" then reached into her pocket and gave him a $20 bill. Kahalewai returned to his truck which was parked across the street. Officer Zutermeister then pulled her car up to a driveway located near Kahalewai's truck, but Kahalewai motioned her to drive a little more down the road.
Officer Zuttemeister testified that a few minutes later Kahalewai pulled his truck in front of her car, and informed her that his "friend went to go get it." They waited for a few minutes, chatting about Kahalewai's truck and his desire to sell it, when a Honda pulled up about 30-40 feet away from where they were parked. Kahalewai went over to the Honda and exchanged something with the driver. Kahalewai then turned around and said, "Hey, Pua, this is Uncle Jeff," and Officer Zuttermeister waved to him.
Kahalewai walked to the tailgate of his truck where Officer Zuttermeister was waiting. Kahalewai leaned over the bed of the truck and handed Officer Zuttermeister a small plastic packet, with a white crystalline substance inside.[4] Officer Zuttermeister said, "Shoots, I'll call you tomorrow," as Kahalewai had given her a number to reach him at again.
Kahalewai moved for a judgment of acquittal after the State presented its case, and the circuit court denied the motion. The defense rested without presenting any evidence or witnesses. The jury found Kahalewai guilty, and the circuit court sentenced Kahalewai to a ten-year term of incarceration Aith a mandatory minimum of three years incarceration. Kahalewai now appeals from the judgment, arguing that:
(1) the circuit court erred in denying his motion for judgment of acquittal;
(2) the circuit court gave an insufficient instruction as to the procuring agent defense; and
(3) the circuit court erred in refusing to give his requested entrapment instruction.
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the relevant law, we resolve Kahalewai's points of error as follows:
(1) Considering the evidence in the light most favorable to the State, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence from which a jury could conclude that Kahalewai was guilty. Specifically, the fact that Kahalewai handled both the drugs and the money and discussed the purchase price with Officer Zuttermeister, viewed in light of the surrounding circumstances, supports the reasonable inference that Kahalewai was the seller of the drugs or was acting on behalf of the seller. State v. Davalos, 113 Hawai'i 385, 389, 153 P.3d 456, 460 (2007).
(2) The circuit court's procuring agent instruction was a correct statement of the law, and the court did not err in refusing Kahalewai's proffered instruction on the subject. Id. at 390-93, 153 P.3d at 461-64; State v. Balanza, 93 Hawai'i 279, 285, 1 P.3d 281, 287 (2000).
(3) The court did not err in refusing Kahalewai's request to instruct the jury on entrapment, since there is no evidence in the record that Officer Zuttermeister's actions "created a substantial risk that the offense would be committed by persons other than those who are ready to commit it." HRS § 702-237 (1993); State v. Agrabante, 73 Haw. 179, 192-93, 196, 830 P.2d 492, 499, 501 (1992) (since "enacting HRS § 702-237, the legislature adopted the approach of the Model Penal Code which endorsed the objective test of the entrapment defense... the focus of inquiry is not on the predisposition of the defendant to commit the crime charged, but rather is on the conduct of the law enforcement officials") (citation and internal quotation marks omitted). Officer Zuttermeister's actions here merely provided Kahalewai with the "opportunity, as opposed to an inducement, to commit the charged offense." Agrabante, 73 Haw. at 194-95, 830 P.2d at 500; see State v. Tookes, 67 Haw. 608, 614, 699 P.2d 983, 987 (1985) ("A mere solicitation of criminal activity by the police is not a sufficient inducement.").
Accordingly, the July 25, 2007 Judgment of Conviction and Sentence filed in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.
[2] The statute was repealed effective June 22, 2006 by 2006 Haw. Sess. L. Act 230 § 50, after the events at issue in this case occurred.
[3] Officer Zuttermeister testified that she understood Kahalewai to be saying, "[b]asically that neither of us was able... to find... any drugs at that point."
[4] The parties stipulated that the white crystalline substance contained methamphetamine and weighed less than one-eighth of an ounce.